1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DANE R. GILLETTE
Chief Assistant Attorney General
3  GERALD A. ENGLER
Senior Assistant Attorney General
4  PEGGY S. RUFFRA
Supervising Deputy Attorney General
5  MARK S. HOWELL
Deputy Attorney General
6  State Bar No. 95125
  455 Golden Gate Avenue, Suite 11000
7  San Francisco, CA 94102-3664
  Telephone: (415) 703-5969
8  Fax: (415) 703-1234
  Email: mark.howell@doj.ca.gov
9  Attorneys for Respondent

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RAUL UVALLES,<br><br>                    Petitioner,<br><br>     v.<br><br>D.L. RUNNELS, Warden,<br><br>                    Respondent. | C 05-2779 MJJ (PR)<br><br>**RESPONDENT'S MOTION TO VACATE THE ORDER STAYING FEDERAL PROCEEDINGS *NUNC PRO TUNC*, TO STRIKE THE AMENDED PETITION, AND TO DISMISS THE ORIGINAL MIXED PETITION UNDER *ROSE V. LUNDY*, 455 U.S. 509 (1982)** |

**STATEMENT OF PROCEDURAL FACTS**

     Following petitioner's convictions of first degree murder, Cal. Pen. Code § 187[1] and second degree robbery, Pen. Code §§ 211, 212.5(c); Exh. A at 191-92, 194-95, the superior court of Santa Clara County sentenced petitioner on June 14, 2002, to an indeterminate term of 25 years to life for the murder, concurrent to a three-year determinate term for the robbery. Exh. A at 235-37.

     The California Court of Appeal affirmed the judgment on October 28, 2003. Exh. C-5.

---

     1.  Unless otherwise indicated, all the further references to the Penal Code are to the California Penal Code.

1   The Court of Appeal's decision became final 30 days afer filing, Cal. Rules of Ct., rule 8.264(b)(1),

2   and then petitioner had ten days to seek review in the California Supreme Court.  Cal. Rules of Ct.,

3   rule 8.500(e)(1).   Petitioner did not seek review, so his case became final on direct appeal on

4   December 8, 2003.  *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002).  The one-year statute of

5   limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §

6   2244(d)(1) began running on the next day, December 9, 2003.  *Id.*  Petitioner therefore had until

7   December 8, 2004, to file his federal habeas petition.

8           Apparently, a few months later, petitioner prepared a petition for writ of habeas corpus

9   which he sent to the superior court in Santa Clara County, *see* Resp's. Exh. D-1 at 6, items 12, 13,

10  18, and Exhs. A and B attached to Exh. D-1, but the petition, which was intended for filing in

11  superior court, was mistakenly addressed to "190 W. Hedding St." in San Jose, California.  *See*

12  Resp's. Exh. D-1 at p. 6, item 13.a.(4); Ptnr's. Exh. A attached to Resp's. Exh. D-1 herein; Ptnr's.

13  Exh. B attached to Resp's. Exh. D-1 herein (proof of service dated May 16, 2004, for a petition for

14  writ of habeas corpus sent to superior court).

15          Petitioner recited in a subsequent habeas petition to the California Court of Appeal that

16  the superior court had filed his habeas petition, Exh. D-1 at 6, item 12, and that it had decided the

17  petition on May 21, 2004.  *Id.* at item 13.a(5).  However, petitioner later supplied the California

18  Court of Appeal with a copy of an envelope showing that he had misaddressed the habeas petition

19  intended for the superior court.  A copy of a sticker affixed to that envelope showed that the time

20  for forwarding mail to the superior court's correct address of "191 N. 1st St." in San Jose had

21  already expired when the post office in San Jose received the envelope, and that the post office

22  returned the parcel to its sender on or about May 21, 2004.  Ptnr's. Exh. A attached to Resp's. Exh.

23  D-1 herein.  Hence, it appears that the petition prepared for filing in the superior court was never

24  filed or decided by that court.  It also appears that petitioner decided to forego any further attempt

25  at habeas relief in the superior court.

26          At any rate, petitioner actually filed his first state petition for writ of habeas corpus in the

27  California Court of Appeal on June 7, 2004, Exh. D-1, about six months after the time for seeking

28  review on direct appeal had expired.  Petitioner was not entitled to statutory tolling for the period

1   between finality and the filing of an application for post-conviction or other collateral review in state

2   court since no state court application was then "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006-07

3   (9th Cir. 1999). The Court of Appeal denied the petition on June 14, 2004. Exh. D-2.

4        Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court

5   on June 28, 2004. Exh. E-1. The California Supreme Court denied the petition on May 18, 2005.

6   Exh. E-2.

7        Petitioner filed his first federal habeas petition in this Court on July 6, 2005. Exh. F-1;

8   Dkt. No. 1 herein. This Court issued an Order To Show Cause on October 19, 2005, Exh. F-2; Dkt.

9   No. 4, and on February 24, 2006, respondent filed a Motion To Dismiss Petition For Lack Of

10   Particularity And For Failure To Exhaust Claim II, And Alternative Motion To Return Petition To

11   Petitioner To Make Petition More Certain. Exh. F-3; Dkt. No. 11. After the parties filed additional

12   pleadings relating to respondent's motion to dismiss, Exhs. F-4, F-5; Dkt Nos. 14, 16, the Court, on

13   March 23, 2006, filed an Order Granting In Part Motion To Dismiss; Staying Action; Instructions

14   To Clerk. Exh. F-6; Dkt. No. 17. In that order, the Court granted in part the motion to dismiss, and

15   it stayed further proceedings in this action, giving petitioner an opportunity to pursue exhaustion in

16   state court. The order specifically directed as follows:

17         If petitioner wishes to have this Court consider his unexhausted claims, he must
        properly present that claim to the California Supreme Court *within thirty days* of the date
18         this order is filed. Thereafter, he must file an amended petition in this Court, and serve
        it on respondent, *within thirty days* of the California Supreme Court's decision. *Rhines*
19         [*v. Weber*, 544 U.S. 269, 278] 125 S.Ct. [1528,] 1535 [(2005)] (where granting a stay, the
        district court must effectuate the timeliness concerns in AEDPA by placing "reasonable
20         limits on a petitioner's trip to state court and back").

21   Exh. F-6 at 2; Dkt. No. 17 at 2 (emphasis added).

22        The Court's order also directed that "[t]he amended petition must include the caption and

23   civil case number used in this order (No. C-05-2779-MJJ (PR) and the words FIRST AMENDED

24   PETITION on the first page." Exh. F-6 at 2; Dkt. No. 17 at 2.

25        Despite the Court's direction that petitioner file his exhaustion petition within 30 days of

26   the Court's March 23, 2006 order, petitioner waited about seven months, until October 23, 2006, to

27   file a state habeas petition, Exh. G-1, and rather than file in the California Supreme Court, as

28   directed by this Court's order, he brought his state habeas exhaustion petition in the California Court

1   of Appeal. *Id.* Petitioner ignored the Court's order as to when and where he was required to present

2   his exhaustion petition. The unjustified seven-month delay in filing a state exhaustion petition in

3   the California Court of Appeal not only violated the terms of this Court's order-- it was also

4   excessive and unreasonable as a matter of law. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528,

5   1535 (2005) (prisoner's pursuit of state court remedies should normally be limited to 30 days, with

6   another 30 day limit as to the prisoner's return to federal court after state court exhaustion is

7   complete, citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)); *Kelly v. Small*, 315 F.3d 1063,

8   1071 (9th Cir. 2003), overruled on other grounds in *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir.

9   2007); *see Guillory v. Roe*, 329 F.3d 1015, 1017 n. 1 (9th Cir. 2003) (in response to an equitable

10  tolling contention, the court cited *Kelly*, 315 F.3d at 1071, and observed that "thirty days is sufficient

11  time for a petitioner to return to federal court following final action by the state courts"); *cf. Evans*

12  *v. Chavis*, 546 U.S. 189, 192-93, 201 (in the context of allowing gap tolling for pending state habeas

13  petitions under 28 U.S.C. § 2244(d)(2), the Supreme Court held that 60 days is a reasonable period

14  for a California prisoner to obtain habeas review). On November 15, 2006, the California Court of

15  Appeal summarily denied petitioner's pending habeas petition. Exh. G-2.

16        On November 27, 2006, petitioner filed in the California Supreme Court a petition for

17  review, Exh. H-1, following the Court of Appeal's denial of the exhaustion petition which he had

18  filed. The petition for review contained substantially the same claims as the habeas petition which

19  the California Court of Appeal had just denied. *Compare* Exh. H-1 at 15-44 (petition for review in

20  the California Supreme Court) *with* Exh. G-1 at 3-31 (petition habeas corpus in the California Court

21  of Appeal). Meanwhile, over eight months had elapsed since this Court had ordered, on March 23,

22  2006, that petitioner "must properly present [his unexhausted] claim to the California Supreme Court

23  within thirty days of the date this order is filed." Exh. F-6 at 2; Dkt. No. 17 at 2. The California

24  Supreme Court summarily denied the petition for review on January 17, 2007. Exh. H-2.

25        Then, contrary to this Court's order that petitioner must file an amended federal habeas

26  petition containing only exhausted claims within 30 days of the California Supreme Court's

27  decision, Exh. F-6 at 2; Dkt. No. 17 at 2, petitioner waited from January 17, 2007 (the date of the

28  California Supreme Court's decision; Exh. H-2) until February 21, 2007, to file his amended

1  petition in this Court.  Exh. I-1.  Furthermore, when petitioner did file his amended federal petition,

2  he failed to place the words "FIRST AMENDED PETITION" on the first page of the petition as this

3  Court had directed, and he also failed to put the original case number, C-05-2779 MJJ (PR), on the

4  new pleading, as this Court had also directed.  Exh. F-6 at 2; Dkt. No. 17 at 2.

5        As a result, the Clerk of this Court created a new case number, C-07-1064 MJJ (PR), and

6  on February 21, 2007, the Clerk filed petitioner's new pleading as an original petition in the new

7  case,  Exh. I-1; Dkt. No. 1 in *Uvalles v. Felker*, C-07-1064 MJJ (PR), rather than as an amended

8  petition in case number C-05-2779 MJJ (PR).  On or about July 25, 2007, this Court apparently

9  discovered that petitioner had two cases pending before it.  On July 25, 2007, it issued an order in

10 case number C-07-1064 MJJ (PR) directing the Clerk to refile the petition which was on file therein

11 as an amended petition in the instant case, number C-05-2779 MJJ (PR), and the Court further

12 ordered that case number C-07-1064 MJJ (PR) be dismissed.  Exh. I-2; Dkt. No. 5 in case number

13 C-07-1064 MJJ (PR).  That same day, July 25, 2007, the Court issued an order in the instant case,

14 number C-05-2779 MJJ (PR), captioned Order Lifting Stay; Reopening Case; To Show Cause in.

15 Exh. J-1; Dkt. No. 18; *see* Dkt. No. 19 (amended petition filed).  In the order this Court lifted the

16 stay which it had imposed on May 23, 2006, Exh. F-6; Dkt. No. 17, and it ordered respondent to

17 show cause why a writ of habeas corpus should not be granted based upon the claims set forth in the

18 amended petition.

19        In response to the order to show cause, and lieu of an Answer, respondent files herein a

20 motion to dismiss on procedural grounds.  Rules Governing Section 2254 Cases, foll. 28 U.S.C. §

21 2254, Rule 2(c), Rule 4, and the Advisory Committee Notes to Rule 4.  Such a motion is specifically

22 authorized by this Court's order to show cause, Exh. J-1 at 2; Dkt. No. 18 at 2, and according to case

23 law, the filing of a motion in lieu of an answer is authorized where the petition is procedurally

24 defective on its face.  *See White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).

25

26

27

28

1

2

## ARGUMENT

3

4

5

6

### THE CURRENT ACTION SHOULD BE TERMINATED DUE TO PETITIONER'S FAILURE TO ABIDE BY THE COURT'S INSTRUCTIONS AND TIME LIMITS IN CONNECTION WITH THE EXHAUSTION OF PETITIONER'S PREVIOUSLY UNEXHAUSTED CLAIM AND THE FILING OF AN AMENDED FEDERAL HABEAS PETITION

7    On March 23, 2006, this Court granted, in part, respondent's motion for dismissal, a

8  motion which had been based upon a lack of particularity and failure to exhaust. Exh. F-6; Dkt. No.

9  17; *see* Exh. F-3; Dkt. No. 11.  The Court's order stayed proceedings so petitioner could seek

10  exhaustion of an unexhausted claim, and the order imposed upon petitioner specific time limits of

11  30 days in which to present the unexhausted claim to the California Supreme Court and then 30 days

12  to file an amended petition in this Court following the California Supreme Court's decision upon

13  the newly-exhausted claim.  Exh. F-6 at 2; Dkt. No. 17 at 2.  This court imposed those time limits

14  as preconditions "to hav[ing] this Court consider his unexhausted claims." *Id.*  The Court cited as

15  authority for these strict 30-day time limits a Supreme Court case, specifically, *"Rhines*, 125 S.Ct.

16  1535 (where granting a stay, the district court must effectuate the timeliness concerns in AEDPA

17  by placing 'reasonable limits on a petitioner's trip to state court and back')." Exh. F-6 at 2; Dkt. No.

18  17 at 2.

19    As observed in *Zarvela*, 254 F.3d 374, a Second Circuit case which was later cited with

20  approval in *Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535, "[District courts] should explicitly condition

21  the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days

22  after state court exhaustion is completed." *Zarvela*, 254 F.3d at 381; *accord Kelly*, 315 F.3d at 1071;

23  *see also Guillory v. Roe,* 329 F.3d at 1017 &  n. 1 (a case involving equitable tolling in which the

24  court stated that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the

25  claims dismissed as unexhausted, and how quickly he returned to federal court after doing so," and

26  quoting *Kelly*, 315 F.3d at 1071, as stating that "thirty days is sufficient time for a petitioner to

27  return to federal court following final action by the state courts").

28    Here, after this Court stayed federal proceedings on March 23, 2006 so petitioner could

1  exhaust, petitioner delayed filing a state habeas petition for seven months, until October 23, 2006.

2  Exh. G-1.  On that date, rather than file a state petition in the California Supreme Court, where this

3  Court had directed petitioner to present his unexhausted claim, Exh. F-6 at 2; Dkt. No. 17 at 2, and

4  where the exhaustion requirement could be expeditiously satisfied, petitioner filed his exhaustion

5  petition in the California Court of Appeal.  *Id.*  Thereafter, he did petition for *review* in the

6  California Supreme Court on November 27, 2006, Exh. H-1, but in the meantime, more than another

7  month had passed, and then the California Supreme Court, without an original proceeding before

8  it, presumably had to obtain the record from the Court of Appeal, and so it took the California

9  Supreme Court from November 27, 2006, until January 17, 2007, to dispose of the petition for

10  review.  The petition for review was denied.  Exh. H-2.

11  Meanwhile, the state's interest in the finality of its judgment, which had been entered on

12  June 14, 2002, continued to remain unsettled, and so it remains even until now, due in no small

13  measure to petitioner's dilatoriness in exhausting his federal claims.  At the outset, petitioner had

14  failed to heed the "simple and clear instruction" of *Rose v. Lundy*, 455 U.S. 509 (1982) "to potential

15  litigants:  before you bring any claims to federal court, be sure that you first have taken each one to

16  state court.  Just as *pro se* petitioners have managed to use the federal habeas machinery, so too

17  should they be able to master this straightforward exhaustion requirement."  *Id.* at 520.

18  He then compounded the delay by failing to abide by this Court's prescribed time limits

19  and filing instructions when the Court gave him a second chance to exhaust state remedies.  Still,

20  petitioner failed to proceed with reasonable diligence, contrary to this Court's order and in disregard

21  of AEDPA's "'statutory purpose of encouraging prompt filings in federal court in order to protect

22  the federal system from being forced to hear stale claims.'  *Carey v. Saffold*, 536 U.S. 214, 226 . .

23  . (2002)."  *Guillory*, 329 F.3d at 1017.

24  Due to petitioner's failure to follow this Court's directions and his failure to seek

25  exhaustion within the time allotted by this Court, this Court should order that "the stay [which this

26  Court imposed on March 23, 2006] . . . be vacated *nunc pro tunc* as of the date the district court

27  enter[ed] the stay and his petition may be dismissed consistent with *Lundy*.  *See Zarvela*, 254 F.3d

28  at 381."  *Kelly*, 315 F.3d at 1071.  Of course *Kelly*'s authorization for the Court to invalidate the stay

*nunc pro tunc* is, by itself, meaningless.  In order for the invalidation of the stay order to constitute a meaningful remedy for petitioner's delay, it must have some impact on the disposition of the claims before the Court.  In other words, the real issue is what effect the vacation of the stay should have upon the claims in either the original petition or any amended petition.

The rule that the stay should be vacated *nunc pro tunc* tacitly recognizes that where the petitioner has failed to act within the allotted time to exhaust and then to present the federal court with an amended petition within the allotted time, any amended petition which has been offered for filing after the allotted time has expired should not be considered as being properly before the Court. If an amended petition has not yet been filed, the authorization to file an amended petition should be withdrawn.  If an amended petition has been filed, but filed late, then it should be stricken upon a motion by the opposing party or on the Court's own motion.

Regardless of whether a petitioner has complied with a Court's scheduling order in filing an amended petition, the petitioner's undue delay, bad faith, or dilatory motive,[2/] should preclude him or her from being allowed to amend his petition.  *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (although Fed. R. Civ. P. 15(a) states that leave to amend a pleading shall be freely given "when justice so requires," a district court may deny leave to amend based upon these factors); *see also Anthony v. Cambra*, 236 F.3d 568, 577 (9th Cir. 2000) (same); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (same).[3/]  If undue delay, bad faith, and dilatory motive can preclude the amendment

---

2.  Petitioner did not exhaust all of his claims before filing his original federal habeas petition, and when given the opportunity to return to state court, he did not proceed during the allotted time.

3.  Our situation is not unlike the one found in *Jackson v. Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999), where the plaintiff moved to amend her complaint, arguing that under Federal Rule of Civil Procedure 15(a), leave should be freely granted.  However, the court refused to grant her motion because the court had already entered a Status (Pretrial Scheduling) Order under Federal Rule of Civil Procedure 16, prohibiting amendments to the pleadings absent a showing of "good cause," and Rule 16(b), itself, allowed for modification of the scheduling order for "good cause." Quoting from *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the *Jackson* court stated,

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the
> party seeking to interpose an amendment and the prejudice to the opposing party,
> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party

of a petition where the Court has not established any pre-set time limits, then, *a fortiori*, an amendment of a petition should be precluded where the Court has actually fixed specific time limits, and the petitioner has exceeded those limits by several months.

Without a stay, petitioner could not have obtained federal habeas review of his previously-unexhausted claim. Staying the original petition allowed petitioner to pursue exhaustion of a claim which he should have already exhausted. Thus, he got two bites at the apple in terms of exhausting Claim II.

This Court set a reasonable 30-day limit for petitioner to return to the California Supreme Court for exhaustion, and it set forth a reasonable 30-day time limit for petitioner to file an amended petition after state court exhaustion. However, instead of preparing a short exhaustion petition, simply presenting to the state court the unexhausted portion of Claim II of the original federal petition, and instead of filing his exhaustion petition within the allotted 30 days, petitioner added several new claims that were not in his original federal petition, and he deleted certain claims and/or sub-claims which had been included in the original petition. *Compare* Exh. F-1 at 6-7, 24-32; Dkt. No. 1 (original federal habeas petition) *with* Exh. G-1 at 3-31 (exhaustion petition filed in state court of appeal), Exh. H-1 at 15-44 (exhaustion petition filed in state supreme court), and Exh. I-1 at 6, 6A-6CC (amended federal habeas petition). Ultimately, he did not file his exhaustion petition in any state court for seven months, and he did not present his new claims to the California Supreme Court for yet another month. By not diligently pursuing exhaustion of his state remedies within a reasonable time–and more specifically, within the time that this Court had allotted for him to do so–petitioner abused the stay-and-abey procedure that this Court had invoked just so he could exhaust.

In short, petitioner failed to abide by the Court's order for exhausting his previously

---

seeking the amendment. . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, then the inquiry should end.

*Jackson*, 186 F.R.D. at 607.

1  unexhausted claims in a timely manner.  In light of petitioner's disregard for this Court's scheduling

2  instructions, petitioner should not be allowed to file his belatedly-exhausted amended petition in this

3  Court.  To allow his amended petition to remain before this Court now would simply overlook his

4  dilatoriness.  Thus, the amended petition should be stricken in order to give effect to the above-

5  quoted language from *Kelly*, 315 F.3d at 1071, which states that the stay should be "vacated *nunc*

6  *pro tunc*."  *Id.*

7          Allowing the amended petition to remain filed in this case would mean that petitioner can

8  disregard not only the Court's scheduling orders, but also Congress's expression of a timeliness

9  concern when it passed the AEDPA's  statute of limitations.  Allowing the amended petition to

10  remain filed in this case would tread upon the State's interest in the finality of its judgment, and for

11  no reason other than because petitioner engaged in undue delay in filing his exhaustion petition for

12  over seven months.  *See Rhines*, 544 U.S. at 276-78 (AEDPA's limitations period serves the interest

13  in finality of state court judgments; the mere act of staying a federal habeas petition to allow

14  exhaustion of unexhausted claims frustrates the AEDPA's objective of finality by allowing the

15  petitioner to delay the resolution of federal proceedings; the district court's discretion in structuring

16  a stay is limited by the timeliness concerns reflected in AEDPA; district courts should place

17  reasonable time limits on a petitioner's trip to state court and back).  If the holding of *Rhines* is to

18  have any meaning, the limits on a petitioner's trip to state court and back must be enforced.  His

19  amended petition should therefore be stricken.

20          What then of the original petition, which would presumably have been superseded if the

21  amended petition were to have been timely filed.  We assume now, for the sake of argument, that

22  petitioner's amended petition shall be stricken due to petitioner's undue delay in pursuing

23  exhaustion.  If we further assume, for the sake of argument, that under those circumstances,

24  petitioner's *original* federal habeas petition may still be deemed viable, it should nevertheless be

25  "dismissed consistent with *Lundy*," just as stated in *Kelly*, 315 F.3d at 1071, because it is no less a

26  mixed petition now than it was when this Court order proceedings to be stayed.[4/]  A mixed petition

27

28          4. Clearly, when the court in *Kelly*, 315 F.3d at 1071, said that after the stay is vacated *nunc
pro tunc*, then the "petition may be dismissed consistent with *Lundy*," the court was referring to a

1  must be dismissed without prejudice. *Lundy*, 455 U.S. at 520-22.

2     Although petitioner's original federal habeas petition contained an unexhausted claim, this

3  Court did not dismiss the mixed petition without prejudice, as *Lundy*, taken literally, might appear

4  to allow.[5/]  Instead, it granted petitioner a stay of federal proceedings, gave him an opportunity to

5  exhaust the unexhausted claim in his original petition, and invited him to file an amended petition,

6  but petitioner failed to abide by the Court's scheduling order.  Having already given petitioner one

7  opportunity, subject to certain scheduling requirements, to correct the defect in his pleading, this

8  Court should neither forgive petitioner's current delay in pursuing exhaustion, nor should it forbear

9  this time from dismissing the original mixed petition pursuant to *Lundy*.  *Kelly*, 315 F.3d at 1071;

10 *see Anthony*, 236 F.3d at 577 ("had Anthony waited several years, or even several months, before

11 filing his proposed amendment, it might well have been within the district court's discretion to deny

12 leave to amend under Rule 15(a)").

13     Finally, even if the original petition were deemed remain before this Court, aside from the

14 fact that it is a mixed petition, it should also be dismissed now for the same reasons which

15 respondent set forth in his motion to dismiss that petition for lack of particularity, filed February 24,

16 2006.  Exh. F-3.  We note that in the Court's order of March 23, 2006, staying federal proceedings

17 for state exhaustion, the Court anticipated the filing of an amended petition, and it admonished

18 petitioner that "[t]he amended petition must only include exhausted claims, and *it must [set] forth*

19

---

20 dismissal of the *original* petition.  Only a mixed original petition would have given rise to a stay for

21 exhaustion purposes.  On the other hand, any *amended* petition that might be filed following the stay

22 would presumably be fully exhausted, since exhaustion was the reason for the stay in the first place.

23     5. *Rhines*, 544 U.S. at 278, has now held that:

24     it likely would be an abuse of discretion for a district court to deny a stay and to
       dismiss a mixed petition if the petitioner had good cause for his failure to exhaust,

25     his unexhausted claims are potentially meritorious, and there is no indication that the
       petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances,

26     the district court should stay, rather than dismiss, the mixed petition.

27 *Id.*; *see Kelly*, 315 F.3d at 1070; *Guillory*, 329 F.3d at 1016-17.

28

*Uvalles v. Runnels* - Respondent's Motion To Vacate The Order Staying Federal Proceedings *Nunc Pro Tunc*, To Strike The
Amended Petition, And To Dismiss The Original Mixed Petition Under *Rose v. Lundy*, 455 U.S. 509 (1982) - C 05-2779 MJJ
(PR)
                                                    11

*petitioner's claims with sufficient clarity and particularity for respondent to prepare an answer.*" Exh. F-6 at 3; Dkt. No. 17 at 3 (emphasis added). The original petition is still vague, conclusory, and it fails to set forth petitioner's claims with sufficient clarity and particularity for respondent to prepare an answer. In the Court's order granting a stay and allowing petitioner to pursue exhaustion, the Court did not otherwise address respondent's motion to dismiss the original federal habeas petition for lack of particularity. If the Court deems the original petition to be properly before the Court at this point, respondent would request that the Court entertain respondent's claim-by-claim allegations that the claims in the original petition are too conclusory to warrant an order to show cause and too conclusory to permit respondent to prepare an answer. We ask the Court to reconsider the motion to dismiss the original petition for lack of particularity, Exh. F-3, Dkt. No. 11, and to dismiss the original petition for lack of particularity, Rules Governing Section 2254 Cases, foll. 28 U.S.C. § 2254, Rule 2(c), Rule 4, and the Advisory Committee Notes to Rule 4, and to dismiss the original petition as a mixed petition. *Lundy*, 455 U.S. at 520-22; *Kelly*, 315 F.3d at 1071.

*Uvalles v. Runnels* - Respondent's Motion To Vacate The Order Staying Federal Proceedings *Nunc Pro Tunc*, To Strike The Amended Petition, And To Dismiss The Original Mixed Petition Under *Rose v. Lundy*, 455 U.S. 509 (1982) - C 05-2779 MJJ (PR)

12

## II.

**ALTERNATIVELY, IF THE AMENDED PETITION IS NOT STRICKEN AND IS DEEMED TO BE PROPERLY BEFORE THIS COURT, CLAIMS III AND IV OF THE AMENDED PETITION SHOULD NEVERTHELESS BE DISMISSED BECAUSE THEY ARE PRESENTED HERE FOR THE FIRST TIME, THEY DO NOT RELATE BACK TO THE ORIGINAL PETITION, AND THEREFORE, THEY ARE UNTIMELY UNDER THE AEDPA STATUTE OF LIMITATIONS**

If this Court does not strike the amended petition in its entirety for the reasons stated above in Argument I, then Claims III and IV of the amended petition must be dismissed because they are untimely under the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1). The original federal habeas petition was filed on July 6, 2005. Exh. F-1. Assuming *in arguendo* that we must grant petitioner the benefit of statutory tolling, 28 U.S.C. 2244(d)(2), including "gap tolling," while petitioner was proceeding on his first round of state habeas habeas review, we must also assume that the filing of his first federal habeas petition was within the one-year AEDPA statute of limitations.

Petitioner's conviction became final on direct appeal on December 8, 2003. The statute of limitations was due to expire one year later, on December 8, 2004. Following the date of finality of his case on direct appeal, on December 8, 2003, petitioner delayed for six months before filing his first state habeas petition on June 7, 2004. Exh. D-1. That period was not tolled. *Nino*, 183 F.3d at 1006-07. Only the period during which an application for post-conviction or other collateral review was pending would be tolled. 28 U.S.C. § 2244(d)(2). Having already used about six months of the period of limitations before filing his first application for state habeas, petitioner would have only about six months left within the period of limitations to file his federal claims when the running of the statute resumed. Thus, when the tolling period for state habeas proceedings ended, i.e., when the California Supreme Court denied his habeas petition on May 18, 2005, Exh. E-2, the one-year statute of limitations was due to expire about six months later, on or about November 18, 2005.

Petitioner filed his original federal habeas petition on July 6, 2005, Exh. F-1; Dkt. No. 1, well within the remaining time for filing under the AEDPA period of limitations, but the filing of his original federal petition did not statutorily toll the running of the statutory period as to any potential claims that petitioner might subsequently assert in federal court. *Duncan v. Walker*, 533

*Uvalles v. Runnels* - Respondent's Motion To Vacate The Order Staying Federal Proceedings *Nunc Pro Tunc*, To Strike The Amended Petition, And To Dismiss The Original Mixed Petition Under *Rose v. Lundy*, 455 U.S. 509 (1982) - C 05-2779 MJJ (PR)

13

1    U.S. 167 (2001) (section 2244(d)(2) "does not toll the limitation period during the pendency of a

2    federal habeas petition").

3        Although petitioner's first federal habeas petition, filed July 6, 2005, Exh. F-1; Dkt. No.

4    1, was well within one-year period of limitations, his amended petition was not filed until February

5    21, 2007, Exh. I-1,[6/] and it contained several new claims which had never previously been presented

6    to this Court.  These new claims were filed after the expiration of the statute of limitations on or

7    about November 18, 2005.  Furthermore, the new claims did not relate back to any claims which

8    petitioner had filed within the period of limitations.  Consequently, consideration of those particular

9    claims is barred by the statute of limitations.

10        Specifically, Claims III and IV of the new petition which was filed in this Court on

11   February 21, 2007, in case number C-07-1064 MJJ (PR), and which was refiled as the amended

12   petition in the instant case, number C-05-2770 MJJ (PR) on July 25, 2007, are barred by the statute

13   of limitations.  They were filed after the running of the statute of limitations, and they do not relate

14   back to the original petition.  Fed. R. Civ. P. 15(c).

15        Subdivision (c)(1)(B) of Rule 15 provides that "[a]n amendment to a pleading relates back

16   to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out

17   of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading

18   . . . ."

19        The relation back doctrine of Rule 15(c) applies to federal habeas proceedings.  *Mayle v.*

20   *Felix*, 545 U.S. 644, 648-49 (2005); *Anthony*, 236 F.3d at 576.  In applying the relation back

21   provision of Rule 15, "[t]he key words are 'conduct, transaction, or occurrence."  *Felix*, 545 U.S.

22   at 656.

23        " . . . [R]elation back depends on the existence of a common 'core of operative facts'

24   uniting the original and newly asserted claims."  *Felix*, 545 U.S. at 659.  "So long as the original and

25   amended petitions state claims that are tied to a common core of operative facts, relation back will

26

27   _____

28        6. Even then, the new petition was not filed in the instant case number.  It was filed in case
     number C-07-1064 MJJ (PR) as a result of petitioner's failure to follow the Court's directions on
     how to file the petition as an amended petition in the instant case.

1  be in order." *Id.* at 664.

2       *Felix* cites with approval "3 J. Moore et al., *Moore's Federal Practice* § 15.19[2], p. 15-

3  82 (3d ed. 2004) (relation back ordinarily allowed 'when the new claim is based on the same facts

4  as the original pleading and only changes the legal theory')." *Felix*, 545 U.S. at 664 n. 7.

5       "An amended habeas petition . . . does not relate back and thereby escape AEDPA's one-

6  year time limit) when it asserts a new ground for relief supported by facts that differ in both time and

7  type from those the original pleading set forth." *Felix*, 545 U.S. at 650.

8  **A.  Claim III Of The Amended Petition**

9       Claim III of the amended federal petition does not relate back to the original federal

10  habeas petition.  Claim III of the amended petition alleges that petitioner gave his trial transcripts

11  to a jailhouse lawyer whom petitioner declines to identify and who, he alleges, subsequently "went

12  to the hole."  Petitioner recites that he was later informed that the transcripts were taken from the

13  jailhouse lawyer and thrown away.  Petitioner blames prison authorities for their alleged loss.  Exh.

14  I-1 at 6Q-6S; Dkt. No. 19 at 6Q-6S.

15       There is no similar allegation in the original federal habeas petition.  *See* Exh. F-1 at 6,

16  29-32; Dkt. No 1 at 6, 29-32.  Since there is nothing in the original petition to which Claim III of

17  the amended petition could relate back, *Felix*, 545 U.S. at 650*; Percy*, 841 F.2d at 979*; see Baldwin*

18  *County Welcome Center*, 466 U.S. at 149 n. 3, Claim III of the amended petition should be dismissed

19  as having been raised beyond the statute of limitations.  28 U.S.C. § 2244(d)(1).

20  **B.  Claim IV Of The Amended Petition**

21       Likewise, Claim IV of the amended federal petition does not relate back to the original

22  federal petition.  Claim IV of the amended petition alleges that petitioner was denied his right to be

23  present during read-back of testimony to the jurors during their deliberations.  Exh. I-1 at 6T-6U;

24  Dkt. No. 19 at 6T-6U.  Again, there is no similar allegation in the original federal habeas petition.

25  *See* Exh. F-1 at 6, 29-32; Dkt. No 1 at 6, 29-32.

26       In light of the absence of any factual allegations in the original federal habeas petition that

27  could have put respondent on notice of the claims raised in Claim IV of the amended petition, those

28  claims do not relate back to the date of the original federal petition, *Felix*, 545 U.S. at 650*; Percy*,

1  841 F.2d at 979; *see Baldwin County Welcome Center*, 466 U.S. 147, 149 n. 3 (1984), so Claim IV

2  of the amended petition should also be dismissed because as outside the AEDPA's one-year period

3  of limitations.  28 U.S.C. § 2244(d)(1).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2        For the foregoing reasons, respondent respectfully prays that the Court vacate the order

3   staying federal proceedings *nunc pro tunc*,  strike the amended petition, and dismiss the original

4   mixed petition under *Rose v. Lundy*, 455 U.S. 509 (1982).

5        Dated:  April 9, 2008

6                            Respectfully submitted,

7                            EDMUND G. BROWN JR.
                            Attorney General of the State of California

8                            DANE R. GILLETTE
                            Chief Assistant Attorney General

9
                            GERALD A. ENGLER
10                           Senior Assistant Attorney General

11                           PEGGY S. RUFFRA
                            Supervising Deputy Attorney General

12
                            **/s/ Mark S. Howell**
13
                            MARK S. HOWELL
14                           Deputy Attorney General

15                           Attorneys for Respondent

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

Page

3    STATEMENT OF PROCEDURAL FACTS                                    1

4    ARGUMENT                                                          6

5    **THE CURRENT ACTION SHOULD BE TERMINATED DUE
     TO PETITIONER'S FAILURE TO ABIDE BY THE COURT'S**
6    **INSTRUCTIONS AND TIME LIMITS IN CONNECTION
     WITH THE  EXHAUSTION OF PETITIONER'S**
7    **PREVIOUSLY UNEXHAUSTED CLAIM AND THE FILING
     OF AN AMENDED FEDERAL HABEAS PETITION**            6

8
     A.  Claim III Of The Amended Petition               15
9
     B.  Claim IV Of The Amended Petition                15
10
     CONCLUSION                                          17

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Anthony v. Cambra*
236 F.3d 568 (9th Cir. 2000)                                                    8, 11

5

*Baldwin County Welcome Center*
6    466 U.S. 147 (1984)                                                         15

7    *Bonin v. Calderon*
59 F.3d 815 (9th Cir. 1995)                                                     8

8
*Duncan v. Walker*
9    533 U.S. 167 (2001)                                                        13

10   *Foman v. Davis*
371 U.S. 178 (1962)                                                            8

11
*Guillory v. Roe*
12   329 F.3d 1015 (9th Cir. 2003)                                          4, 6, 7, 11

13   *Jackson v. Laureate, Inc.*
186 F.R.D. 605 (E.D. Cal. 1999)                                               8, 9

14
*Johnson v. Mammoth Recreations, Inc.*
15   975 F.2d 604 (9th Cir. 1992)                                              8

16   *Kelly v. Small*
315 F.3d 1063 (9th Cir. 2003)                                          4, 6, 7, 10-12

17
*Mayle v. Felix*
18   545 U.S. 644 (2005)                                                      14, 15

19   *Nino v. Galaza*
183 F.3d 1003 (9th Cir.  1999)                                              3, 13

20
*Rhines v. Weber*
21   544 U.S. 269, 125 S.Ct. 1528 (2005)                                    4, 6, 10, 11

22   *Robbins v. Care*
481 F.3d 1143 (9th Cir. 2007)                                                 4

23
*Rose v. Lundy*
24   455 U.S. 509 (1982)                                                   7, 10, 12, 17

25   *Smith v. Duncan*
297 F.3d 809 (9th Cir. 2002)                                                  2

26
*White v. Lewis*
27   874 F.2d 599 (9th Cir. 1989)                                              5

28

**TABLE OF AUTHORITIES  (continued)**

1

**Page**

2

*Zarvela v. Artuz*
254 F.3d 374 (2d Cir. 2001)                                                    4, 6, 7

3

4

5

**Statutes**

6

California Penal Code
      § 187                                                                         1

7

      § 211                                                                         1
      § 212.5(c)                                                                    1

8

9

United States Code
    Title 28

10

      § 2244(d)(1)                                                         2, 13, 15, 16
      § 2244(d)(2)                                                              4, 13

11

12

**Court Rules**

13

California Rules of Court
      8.264(b)(1)                                                                   2

14

      8.500(e)(1)                                                                   2

15

Federal Rule of Civil Procedure
      15(a)                                                                      8, 11

16

      15(c)                                                                        14
      15(c)(1)(B)                                                                  14

17

      16                                                                            8

18

19

20

**Other Authorities**

21

J. Moore et al., *Moore's Federal Practice*
§ 15.19[2],  p. 15-82 (3d ed. 2004)                                              15

22

23

24

25

26

27

28

*Uvalles v. Runnels* - Respondent's Motion To Vacate The Order Staying Federal Proceedings *Nunc Pro Tunc*, To Strike The
Amended Petition, And To Dismiss The Original Mixed Petition Under *Rose v. Lundy*, 455 U.S. 509 (1982) - C 05-2779 MJJ
(PR)
                                                iii

<u>**DECLARATION OF SERVICE BY U.S. MAIL**</u>

Case Name:   ***Raul Uvalles v. D.L. Runnels***
No.:   **C 05-2779 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 10, 2008</u>, I served the attached:

> **MOTION TO VACATE THE ORDER STAYING FEDERAL PROCEEDINGS *NUNC PRO TUNC*, TO STRIKE THE AMENDED PETITION, AND TO DISMISS THE ORIGINAL MIXED PETITION UNDER *ROSE V. LUNDY*, 455 U.S. 509 (1982)**

> **NOTICE OF FILING AND INDEX OF EXHIBITS IN SUPPORT OF RESPONDENT'S MOTION TO VACATE THE ORDER STAYING FEDERAL PROCEEDINGS *NUNC PRO TUNC*, TO STRIKE THE AMENDED PETITION, AND TO DISMISS THE ORIGINAL MIXED PETITION UNDER *ROSE V. LUNDY*, 455 U.S. 509 (1982)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Raul Uvalles
T-59954
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 10, 2008, at San Francisco, California.

| Denise Neves | **/s/ Denise Neves** |
| --- | --- |
| Declarant | Signature |

Uvalles.pos.wpd