*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAUL UVALLES,

               Petitioner,

  vs.

D.L. RUNNELS, Warden,

               Respondent.

No. C 05-2779 RMW (PR)

ORDER DENYING MOTION TO
VACATE ORDER STAYING
FEDERAL PROCEEDINGS;
DISMISSING CLAIMS III AND IV
AS UNTIMELY; DENYING
MOTION FOR DISCOVERY;
DENYING MOTION FOR
EXTENSION OF TIME;
SCHEDULING FURTHER
BRIEFING

(Docket Nos. 27, 42, 43)

Petitioner, a California prisoner proceeding pro se, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to vacate the court's order staying federal proceedings nunc pro tunc, strike the amended petition, and dismiss the original mixed petition; petitioner filed an opposition; and respondent filed a reply. Based upon the papers submitted, the court DENIES respondent's motion to vacate the court's order to stay but GRANTS the respondent's request to dismiss several of petitioner's claims as untimely. Also before the court is petitioner's motion for extension of time to file a response to respondent's reply to the aforementioned motion and petitioner's motion for discovery. For the reasons stated below, those motions are DENIED. The court schedules a further briefing

Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd      1

1   schedule set forth below.

2                                    **BACKGROUND**

3          Petition was convicted of first degree murder and second degree robbery in Santa Clara

4   County Superior Court.  On June 14, 2002, the trial court sentenced petitioner to a term of 25-

5   years to life, concurrent to a 3-year determinate sentence in state prison.  On October 28, 2003,

6   the California Court of Appeal affirmed the conviction and sentence.  Petitioner subsequently

7   filed state habeas petitions in the state courts.

8          On July 6, 2005, petitioner filed his first federal habeas petition.  On March 23, 2006, the

9   court granted respondent's motion to dismiss the petition as mixed and stayed proceedings to

10  allow petitioner an opportunity to exhaust his unexhausted claims in state court.  On July 25,

11  2007, petitioner returned to federal court with his amended petition.  That same day, the court re-

12  opened the case and ordered respondent to show cause why petitioner's habeas petition should

13  not be granted.

14                                   **DISCUSSION**

15  A.     Motion to Vacate Order Staying Federal Proceedings

16         Respondent requests the court vacate its March 23, 2006 order staying this action to

17  allow petitioner to exhaust his unexhausted claims based on the grounds that petitioner failed to

18  abide by the court's scheduling order.  (Resp. Mot., p. 6-7.)  Specifically, respondent notes that

19  rather than filing a state habeas petition within 30 days of the date of the court's order as

20  instructed, petitioner waited seven months and then filed in California Court of Appeal rather

21  than California Supreme Court as he was directed, although he did eventually file a petition for

22  review in California Supreme Court.  (Id. at p. 7.)

23         The Ninth Circuit has held that, after granting a stay, thirty days to initiate state court

24  proceedings and thirty days to return to federal court (after the final rejection of the claims by the

25  state court) were reasonable time limits for a district court to impose.  See Kelly v. Small, 315

26  F.3d 1063, 1070-71 (9th Cir. 2003).  Importantly, the court also held that if there was

27  non-compliance with these conditions, "the stay *may* be vacated nunc pro tunc as of the date it

28

Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd     2

1    was entered." Kelly, 315 F.3d at 1071 (quoting Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir.

2    2001)) (emphasis added).

3         In reaching this conclusion, the Kelly court adopted the reasoning of the Second Circuit

4    in Zarvela.  In that case, the Second Circuit noted that "a stay, unless appropriately conditioned,

5    could permit a habeas petitioner to take an undue amount of time to pursue state court remedies."

6    Zarvela, 254 F.3d at 380.  Thus, the court in Zarvela stressed that it is imperative that the "need

7    for expeditious exhaustion" be impressed upon the petitioner.  Id.  Indeed, the Supreme Court

8    has held that

9              [s]tay and abeyance, if employed too frequently, has the potential to . . .
              frustrate[ ] AEDPA's objective of encouraging finality by allowing a
10             petitioner to delay the resolution of the federal proceedings. It also
              undermines AEDPA's goal of streamlining federal habeas proceedings by
11             decreasing a petitioner's incentive to exhaust all his claims in state court prior
              to filing his federal petition.
12
     Rhines v. Weber, 544 U.S. 269, 277 (2005).
13
14        In the case at hand, petitioner waited approximately six and a half months after the grant

15   of his stay before initiating any proceedings in the state court.  Further, respondent notes that

16   petitioner did not file a state habeas petition directly to the California Supreme Court, but

17   instead, filed a state habeas petition first at the California Court of Appeal.[1]  In addition,

18   petitioner failed to indicate "first amended petition," on his amended petition as directed, as well

19   as failed to indicate his original case number on his first amended petition.  The unexplained six

20   and a half month interval between this court's grant of abeyance and petitioner's initiation of his

21   state proceedings is problematic since it serves to prolong the resolution of petitioner's federal

22   habeas proceedings.

23   _____

24        [1] Respondent also argues that petitioner failed to return to federal court within 30-days
     after California Supreme Court denied his state habeas petition, however, petitioner averred that
25   he placed his first amended petition in the prison mailbox on February 11, 2007.  Although the
     amended petition is file-stamped on February 21, 2007, because petitioner is a pro se prisoner,
26   the court calculates the filing date as the date petitioner delivered his petition to prison
     authorities.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988).  Accordingly, petitioner's return
27   to federal court was timely.

28
     Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
     Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
     P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd    3

1   Notwithstanding, for the reasons below, the court declines to dismiss the action as

2   untimely.  First, regarding the 30-day time limit to return to state court to exhaust and the 30-

3   days time limit to come back to federal court after exhaustion, <u>Zarvela</u> states, "If either condition

4   of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was

5   entered, and the petition may be dismissed (unless the time petitioner has taken to initiate

6   exhaustion in the state courts and to return to federal court after exhaustion has not consumed

7   more than the portion of the one-year limitations period that remained when the habeas petition

8   was initially filed)." <u>Zarvela</u>, 254 F.3d at 381.  Here, utilizing the mailbox rule, <u>see</u> <u>Houston v.</u>

9   <u>Lack</u>, 487 U.S. 266, 270-71 (1988), petitioner had 142 days remaining of his AEDPA statute of

10  limitations when he filed his original section 2254 petition.[2]  Had petitioner returned to state

11  court and filed his state habeas petition within 142 days of the court's order staying federal

12  proceedings, petitioner would still have been timely under the reasoning of <u>Zarvela</u>.  Although,

13  here, petitioner was untimely in returning to state court, using the analysis of <u>Zarvela</u>, he was

14  untimely by less than two months, rather than the seven months expounded by respondent.

15      Second, the stay has already been lifted and the case is in active status.  Although the

16  grant of abeyance in this particular action was expressly conditioned on the return of petitioner

17  to the federal district court within an applicable time period, and petitioner failed to meet those

18  requirements, there is no indication that respondent raised the issue at that time and, it is of note

19  that another judge of this court in her discretion, chose to re-instate the case and lift the stay.

20  This was the same judge to whom the case was initially assigned, and to whom it was returned

21  after the state court proceedings.

22      Finally, it would be inequitable for this court to dismiss the petition for reasons of delay

23  when respondent's own actions have served to prolong the proceedings before this court.  There

24

25      [2] On December 9, 2003, petitioner's statute of limitations began to run.  From June 7,
26  2004, the date petitioner filed his first state habeas petition in California Court of Appeal,
    through May 18, 2005, the date California Supreme Court denied petitioner's state habeas
27  petition, the statute of limitations was tolled, leaving petitioner 183 days left to file a federal
    petition.  On June 30, 2005, petitioner filed his original section 2254 petition.  Petitioner still had
28  142 days left on his statute of limitations.

Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd       4

is no evidence in the record that after petitioner failed to file a state habeas petition within 30 days after federal proceedings were stayed, the respondent requested that the stay be vacated.  To date, moreover, no answer has been filed by respondent -- rather his submissions have comprised three applications to extend the time to file an answer.  Petitioner's first amended petition was filed on July 25, 2007, and respondent requested three applications for extension of time to file an answer, all which the court granted, extending his time to file an answer to April 22, 2008. Furthermore, there is no indication that petitioner's delay in returning to state court was made in bad faith or other dilatory motive.  See Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000).

Accordingly, the court finds that because respondent, through his own actions, has contributed to the delay of this habeas proceeding, and because the court has already chosen to re-instate the stay, the court declines to dismiss petitioner's writ of habeas corpus on the basis of unreasonable delay or untimeliness.  Respondent's motion to vacate the order staying federal proceedings is DENIED.

B.      Motion to Dismiss Claims III and IV as Untimely

In the alternative, respondent requests the court dismiss Claims III and IV of the amended petition because they do not relate back to the original petition, and therefore, are untimely.  (Resp. Mot., p. 13-16.)  Petitioner's Claim III is entitled, "Petitioner is requesting a copy of his trial transcripts," and Claim IV is entitled, "Petitioner was denied his presence during the readback."  Petitioner does not address this claim in his opposition.

Amendments made after the AEDPA's one-year statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'"  Mayle v. Felix, 545 U.S. 644, 654-55 (2005) (quoting Fed. R. Civ. P. 15(c)(2)).  "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Id. at 650 (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim).  Only if the original and amended petition state

1  claims that are tied to a common core of operative facts will relation back be in order.  Id. at 664.

2  Here, a comparison of petitioner's original and amended petitions demonstrate that

3  Claims III and IV assert new grounds for relief that were not previously mentioned in, nor do

4  they arise from, the same operative facts as claims raised in his original federal habeas petition.

5  See Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (holding district court did not

6  err by denying petitioner leave to amend petition to add new claim that would be untimely where

7  new claim arose from different core of operative facts than claims in original petition and thus

8  did not relate back to original petition).

9  Accordingly, respondent's request to dismiss Claims III and IV as untimely is

10  GRANTED.

11  C.    Motion for Discovery

12  Petitioner moves the court to conduct discovery in the instant habeas action.

13  Specifically, petitioner again requests the unsealing of his Marsden motion as well as copies of

14  his transcripts which were in the possession of his "jailhouse lawyer" and subsequently

15  confiscated.  (Pet.'s Mot., p. 4-5.)

16  A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

17  discovery as a matter of ordinary course.  See Bracy v. Gramley, 520 U.S. 899, 904 (1997).

18  However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254,

19  provides that a "party shall be entitled to invoke the processes of discovery available under the

20  Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his

21  discretion and for good cause shown grants leave to do so, but not otherwise."  Before deciding

22  whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the

23  essential elements of the underlying claim.  See Bracy, 520 U.S. at 904.  The court must then

24  determine whether the petitioner has shown "good cause" for appropriate discovery to prove his

25  claim.  See id.  Good cause for discovery under Rule 6(a) is shown "where specific allegations

26  before the court show reason to believe that the petitioner may, if the facts are fully developed,

27  be able to demonstrate that he is  . . . entitled to relief . . ."  Id. at 908-09 (internal quotation

28

1   omitted).

2   Here, the court notes that the issues presently before it remain relatively straightforward,

3   and no evidentiary hearing appears necessary.  In its answer, respondent shall lodge with the

4   court a copy of all portions of the underlying record that have been transcribed previously, and

5   all other pertinent exhibits, which are relevant to a determination of the issues presented in the

6   petition.  Upon review of the merits of the amended petition, if the court determines that further

7   discovery is necessary, the court will notify the parties.  Accordingly, petitioner's motion for

8   discovery (docket no. 42) is DENIED without prejudice.

9   D.    Motion for Extension of Time

10   Petitioner requests an additional 30-days to respond to respondent's reply to petitioner's

11   opposition to respondent's motion to vacate the order staying federal proceedings.  In light of the

12   court's denial of respondent's motion to vacate, petitioner's motion for extension of time is

13   DENIED as unnecessary.

**CONCLUSION**

15   For the reasons stated above, the Court hereby orders as follows:

16   1.    Respondent's motion to vacate order staying federal proceedings (docket no. 27)

17   is DENIED.

18   2.    The court DISMISSES Claims III and IV of petitioner's first amended petition as

19   untimely.

20   3.    Petitioner's motion for discovery (docket no. 42) is DENIED.

21   4.    Petitioner's motion for extension of time (docket no. 43) is DENIED as

22   unnecessary.

23   5.    Respondent shall file with the court and serve on petitioner, within **sixty**

24   **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

25   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

26   granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

27   the underlying state criminal record that have been transcribed previously and that are relevant to

28

Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd        7

1   a determination of the issues presented by the petition.

2         6.     If petitioner wishes to respond to the answer, he shall do so by filing a

3   traverse with the court and serving it on respondent within **thirty days** of the date the answer is

4   filed.

5         7.     It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

6   all communications with the court must be served on respondent by mailing a true copy of the

7   document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

8   change of address by filing a separate paper captioned "Notice of Change of Address."  He must

9   comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

10  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11       This order terminates docket nos. 27, 42, 43.

12       IT IS SO ORDERED.

13  Dated:   1/13/09

14                           RONALD M. WHYTE

                         United States District Judge

Order Denying Motion to Vacate Order Staying Federal Proceedings; Dismissing Claims III and IV as Untimely;
Denying Motion for Discovery; Denying Motion for Extension of Time; Scheduling Further Briefing
P:\PRO-SE\SJ.Rmw\HC.05\Uvalles779mtdden.wpd    8